## BYINGTON V. ALLEN.

1. DEPUTY. A deputy treasurer has *prima facie* authority to sign the name of his principal to certificates of redemption from tax sales; and such a certificate is admissible in evidence upon showing that the person signing the same was a deputy, without further showing his authority.
2. REDEMPTION. The purchaser of real estate at a tax sale cannot demand of the owner the re-payment of taxes paid after the redemption thereof.

*Appeal from Johnson District Court.*

SATURDAY, OCTOBER 6.

PROCEEDING to foreclose a tax title. The questions made relate to the admission and rejection of certain testimony, as will appear from the opinion.

Byington, *pro se.*

Geo. D. Wooden for the appellee.

WRIGHT, J.—Defendant in his answer claims that he redeemed the lands in controversy, by paying the proper amount to the treasurer of the county, as required by section 505 of the Code. To prove this, he introduced a certificate to which the name of the treasurer was attached by a clerk in his office. It is objected that such certificate was inadmissible, unless accompanied by proof of the authority of the clerk to thus sign, or some ratification of his act.. It appears from the record that the person signing the treasur-

er's name was a clerk in his office, and *prima facie* this was sufficient to authorize the admission of the certificate.

II. It is further insisted that the amount paid was not sufficient to redeem the land. Taking plaintiff's deed as evidence of what he paid at the sale, the amount deposited for the redemption was sufficient, unless the cost of the deed is to be added to the amount specified therein, as covering taxes, interest and costs. There is nothing to show that such cost (fifty cents for the deed) was excluded, but on the contrary we think it fairly inferable that it was included. Thus construing the record, the amount paid was sufficient to redeem the land.

III. The plaintiff offered to show that after his purchase, and after the redemption by defendant, he had paid the taxes subsequently due on said land. This testimony was objected to, and we think properly excluded. After the redemption, plaintiff had no such interest in the property, no such color of right therein, as would entitle him to demand the re-payment of taxes thus voluntarily paid. It is the taxes paid by the purchaser, prior to the redemption, and not those paid subsequently, which the owner is to pay when he redeems, as contemplated by section 505 of the Code. If the purchaser pays such taxes upon the supposition that there has been no legal redemption, he does so at his peril, and if mistaken he cannot claim to be protected in his tax title until the same are repaid by the owner.

Judgment affirmed.